LAY ET AL. v. LAY ET AL.

[No. 12,463.   Filed February 15, 1927.   Rehearing denied May 11, 1927.]

1. WITNESSES.—*Mortgagor incompetent as to matters occurring before death of mortgagee.*—Under the provisions of §551 Burns 1926, a mortgagor is incompetent to testify as to matters which occurred in the lifetime of the mortgagee, in an action by the latter's administrator to foreclose the mortgage. p. 163.

2. WITNESSES.—*Party cannot complain because court refused to call him as a witness.*—A party to an action who is incompetent under §551 Burns 1926 cannot complain because the court refused to call him as a witness under the authority of §554 Burns 1926.   p. 163.

3. WITNESSES.—*Party against whom adverse party testifies when called by the court may have review of court's action.*—When the court exercises the discretion granted by §554 Burns 1926 and calls a party who is incompetent, the party against whom such witness testifies may question the act of the court on the ground that the court abused its discretion in requiring such witness to testify.   p. 163.

4. WITNESSES.—*Refusal of court to call incompetent witness against estate of mortgagee not error.*—In a mortgage foreclosure suit by the administrator of the mortgagee, the mortgagor being incompetent as to matters occurring in the mortgagee's lifetime, the court did not err in refusing to call the mortgagor as a witness.   p. 163.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Suit by Albertha D. Lay and Arthur C. Lay against Harry M. Lay and his wife to foreclose a mortgage, in which the administrator of Albertha D. Lay's estate was

substituted as a party plaintiff. From a decree fore-closing the mortgage, the defendants appeal. *Affirmed.* By the court in banc.

*Frank E. Osborn, Lee L. Osborn, Kenneth D. Osborn* and *Alfred J. Link,* for appellants.

*Andrew J. Hickey, Norman F. Wolfe* and *John B. Dilworth,* for appellees.

McMahan, C. J.—Albertha D. and Arthur C. Lay filed a complaint against appellants who are husband and wife, on certain promissory notes and to foreclose a mortgage given to secure the same. The first named plaintiff having died pending the action and before trial, appellee trust company, administrator of her estate, was substituted as party plaintiff in her place. From a judgment against appellants for the amount of the notes and decree of foreclosure, this appeal is prosecuted.

Appellant Harry M. Lay and Arthur C. Lay are half brothers and children of Sebastian Lay, Harry being a child by the first marriage, and Arthur being a child by Albertha, the last wife of Sebastian Lay. Sebastian Lay, several years before his death, conveyed the real estate in the city of Laporte, on which they lived, in fee simple, to his wife Albertha. By his will, he gave her a life estate in all the property he owned at the time of his death, with power to sell if necessary for her support, the remainder to be divided equally between the two sons, Harry and Arthur. Harry was indebted to his father at the time of the latter's death and later borrowed $2,000 belonging to the estate of the father, so that the total amount owing the estate amounted to $6,000, that being the aggregate for which the several notes sued on were given. Arthur was the only child of his mother and, on her death intestate, would have been her only heir. Several years after the

death of Sebastian Lay, his widow conveyed the residence property to Arthur. Harry Lay, while testifying as a witness in his own behalf, said he had a conversation with Mrs. Lay concerning the execution of this deed to Arthur, and was then asked what that conversation was, and offered to prove that Mrs. Lay said she gave the deed to Arthur so as to balance or equal the amount which Harry had borrowed, (which the evidence showed he was not able to repay because of financial reverses) and so that, after Mrs. Lay's death, the two boys would share equally in the property owned by the father at the time of his death as well as in the property which he had, as before stated, conveyed to Mrs. Lay and which she had conveyed to Arthur. He testified that he had talked with Arthur about what the mother told him and that he told Arthur what the mother had said on this subject. The objection of the administrator to the offered testimony was sustained, while the objection of Arthur as to the offered testimony was overruled and the witness related the conversation which he said he had with the mother, and which he said he repeated to Arthur. Later, Harry requested the court to exercise its discretion and call him as a witness and to permit him to testify as against the estate of Mrs. Lay as to the conversation with the latter. This the court refused to do.

It is appellants' contention that the court erred in sustaining the objection of the administrator to the offered testimony and also in refusing to exercise its discretion and call him as a witness and permit him to introduce the offered testimony against the administrator.

In considering these contentions, it must be kept in mind that there had been no administration on the estate of Sebastian Lay. The widow was entitled to the income from the whole of the estate of her deceased

husband. It was, in fact, she who loaned the money for which the notes in suit were given, and she was entitled to the interest on the money so loaned when the same was due. The interest on these notes had not been paid for a number of years, so that, when Mrs. Lay died, there was a balance of $4,973.49 due her on account of interest then due and unpaid. It was this interest the administrator of her estate was claiming and for which it recovered judgment. Harry and Arthur, under the will of their father, were the owners, share and share alike, of the principal sum due on the notes, so that the amount due Arthur on these notes was $3,000 plus interest from the date of the death of Mrs. Lay and judgment was rendered in favor of Arthur for $3,000 plus interest in the sum of $575.50.

As against the estate of Mrs. Lay, represented by the administrator of her estate, Harry Lay was not a competent witness as to matters which had occurred

1. during the lifetime of the decedent. §551 Burns 1926, §498 R. S. 1881.

Section 554 Burns 1926, Acts 1883 p. 10, provides that in all cases in which executors, administrators, heirs, or devisees are parties and one of the parties

2-4. ties is incompetent by reason of §551, *supra,* "any party to such suit shall have the right to call and examine any party adverse to him as a witness, or the court may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion shall be reviewable on appeal." Appellants insist that, under this section of the statute, he had the right to request the court to require that he be called as a witness and that it then became the duty of the court to exercise its discretion and call him as a witness and to require him to testify and that the court erred in refusing to require him to testify. A party who, under the statute, is not competent to testify as

to transactions which occurred during the lifetime of the deceased, cannot complain because the court refuses to call him as a witness and to require him to testify. When the court exercises its discretion and requires such a witness to testify to matters which occurred during the lifetime of the decedent, the party against whom such witness testifies, may question the act of the court on the ground that the court abused its discretion in requiring such witness to testify.    The court did not err in refusing to allow appellant to testify to the alleged conversation or in refusing to call him as a witness.    Appellants' contention that the amount of the judgment in favor of the administrator is excessive is not well taken.    Other questions are discussed, but they require the weighing of conflicting evidence, and that we will not do.

Judgment affirmed.